D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
ROBERT S. WHITMORE

FILED & ENTERED

NOV 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY potier    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MCKENNA GENERAL ENGINEERING, INC.,<br><br>Debtor. | Case No. 6:18-bk-18036-SY<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO APPROVE AGREEMENT REGARDING COLLECTION OF RECEIVABLES AND PARTIAL SUBORDINATION OF LIEN WITH PACIFIC WESTERN BANK**<br><br>[MOTION – DOCKET 111]<br><br>Hearing:<br>Date: November 14, 2019<br>Time: 9:30 a.m.<br>Ctrm: 302 |

On October 23, 2019, Robert S. Whitmore, chapter 7 trustee for the bankruptcy estate of McKenna General Engineering, Inc. ("Trustee"), filed as Docket No. 111 a Motion to Approve Agreement regarding Collection of Receivables and Partial Subordination of Lien with Pacific Western Bank ("Motion").[1] The Motion came on for hearing on November 14, 2019 at 9:30 a.m., the Honorable Scott H. Yun, United States Bankruptcy Judge, presiding. Prior to the hearing, a tentative

---

[1] All terms not defined herein shall have the same meaning as in the Motion.

1

4825-9695-7613, v. 1

ruling was published excusing appearances in light of no opposition being filed to the Motion, and tentatively granting the Motion. At the duly noticed hearing, no appearances were made.

The court has read and considered the Motion, has found that proper notice has been given, and has found that no opposition to the Motion was filed. For the reasons set forth in the Motion, the court has found good cause to grant the Motion.

IT IS ORDERED:

1. The Motion is granted;

2. The Agreement attached as Exhibit "1" to the Whitmore Declaration is approved;

3. The Trustee is authorized to provide the releases specified in the Agreement;

4. The Trustee is authorized to execute any other documents which may be necessary to consummate the Agreement;

5. The PWB Claim is allowed pursuant to the terms of the Agreement;

6. The Trustee is authorized to use cash collateral under 11 U.S.C. § 363 according to the terms of the Agreement for the payment of administrative expenses, including costs of collection and bonding costs;

7. The 8% carve-out provided in the Agreement is approved in the best interest of creditors;

8. The Trustee is authorized to immediately disburse $131,351.55 to PWB, which is 52% of the $252,599.14 that the Trustee collected as of the date of the Motion subject to the Lien;

9. The Trustee is authorized to immediately distribute to PWB 52% of all future collections subject to the Lien without further court order; and

/ / /

/ / /

/ / /

4825-9695-7613, v. 1

10.    PWB is authorized to prosecute the collection of receivables that the Trustee determines to be of inconsequential value to the Estate upon written notice to by PWB to the Trustee that PWB has exercised its option to prosecute the collection of such receivables pursuant to the Agreement.

###

Date: November 21, 2019

Scott H. Yun
United States Bankruptcy Judge

4825-9695-7613, v. 1