D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620-5749
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
ROBERT S. WHITMORE

FILED & ENTERED

MAR 04 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY potier    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MCKENNA GENERAL ENGINEERING, INC.,<br><br>Debtor. | Case No. 6:18-bk-18036-SY<br><br>Chapter 7<br><br>**ORDER GRANTING APPLICATION BY CHAPTER 7 TRUSTEE TO EMPLOY HALL GRIFFIN LLP AS SPECIAL COLLECTIONS COUNSEL UNDER 11 U.S.C. § 327(e)**<br><br>[DOCKET 121]<br><br><u>Hearing</u><br>Date:        February 27, 2020<br>Time:       9:30 a.m.<br>Ctrm:       302<br>Address:  3420 Twelfth Street<br>                 Riverside, CA 92501 |

On February 3, 2020, Robert S. Whitmore, chapter 7 trustee for the bankruptcy estate of McKenna General Engineering, Inc. ("Trustee"), filed as Docket No. 121 an Application to Employ Hall Griffin LP as Special Collections Counsel ("Application").[1] The Application came on for hearing on February 27, 2020 at 9:30 a.m., the Honorable Scott H. Yun, United States Bankruptcy Judge, presiding. Prior to the hearing, a tentative ruling was published excusing appearances and

---

[1] All terms not defined herein shall have the same meaning as in the Application.

1

tentatively granting the Application. At the duly noticed hearing, no appearances were made.

The court has read and considered the Application, has found that proper notice has been given, and has found that no opposition to the Application was filed. For the reasons set forth in the Application, the court has found good cause to grant the Application.

IT IS ORDERED:

1. The Application is granted;

2. The Trustee is authorized to employ Hall Griffin LP ("Firm") as special collections counsel to the Estate under 11 U.S.C. §§ 327(e) & 328 to assist the Trustee in all aspects of pursuing any remaining outstanding construction accounts receivable on behalf of the Estate, with the Firm to be compensated in accordance with the sliding scale contingency fee stated in Application:

   a. The Firm will advance all costs and expenses necessary in the course of its work for the Estate;

   b. The Firm will be paid on a contingency basis, to be compensated in the amount of: (a) 25% of gross recoveries on an account-by-account basis in the event that the recovery is obtained prior to the commencement of any formal litigation or alternative dispute resolution proceeding; or (b) 35% of gross recoveries on an account-by-account basis in the event that the recovery is obtained after the commencement of any formal litigation or alternative dispute resolution proceeding;

   c. If the Firm obtains an award of attorneys' fees and costs under any contractual, statutory, or equitable theory in connection with its efforts to collect the Debtor's outstanding accounts including, but not limited to, a final state court judgment, court-approved settlement agreement, or arbitration award, the Firm shall be entitled to payment in full of the awarded fees and costs without further order from this court;

   d. All amounts recovered through the Firm's efforts except those costs and fees awarded and paid pursuant to paragraph (c) above shall be deemed property of the Estate, subject to any preexisting liens or agreements modifying such

2

liens, including the Trustee's arrangement with Pacific Western Bank;

e. The Firm shall hold all settlement amounts or judgment collection amounts in its client trust account and shall only be entitled to apply its sliding scale contingency fee against those amounts when the court order(s) approving compromise regarding any account become a final order; and

f. If the Firm seeks compensation other than what is provided for in this order, the Firm shall not be paid any other compensation unless the court approves such compensation.

###

Date: March 4, 2020

*/s/ Scott H. Yun*
Scott H. Yun
United States Bankruptcy Judge

3

4842-2775-4166, v. 1